UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| JOHNETTA BROOKS, | ) CV 14-04182-SH |
| | ) |
| Plaintiff, | ) MEMORANDUM DECISION ) AND ORDER |
| v. | ) |
| CAROLYN W. COLVIN, Commissioner, Social Security Administration, | ) ) ) |
| Defendant. | ) ) |

## I. BACKGROUND

Plaintiff applied for a period of Disability Insurance Benefits and Supplemental Security Income, alleging disability as of September, 2009. An ALJ held a hearing on October 12, 2012. On December 10, 2012, the ALJ found Plaintiff not disabled, and that she retained a residual functional capacity to perform work in the national economy. The Appeals Council denied review, and this action followed. The parties have filed their briefs, and the Defendant has

filed the Administrative Record.

## II. <u>DISCUSSION</u>

Plaintiff makes two contentions: First, that the ALJ failed to properly accept or reject the November, 2009 report (A.R. 249-266) by examining clinical psychologist Gunilla Karlsson, Ph.D. Dr Karlsson examined plaintiff on a single occasion, barely two months after the tragic accident and alleged onset of disability.

The plaintiff, on September 5, 2009, suffered personal traumatic physical and psychological injury, when she tragically witnessed the serious injury of one brother and the instant death of another brother; all of which were caused by the family being struck by a drunk driver while they were standing by their disabled vehicle on the side of the I-5 freeway. Plaintiff was seriously psychologically traumatized by her horrific experience. Dr. Karlsson found plaintiff to be "temporarily totally psychologically disabled." A.R. 264.

Plaintiff asserts that the ALJ gave only cursory consideration to Dr. Karlsson's report, but did not expressly state whether he accepted or rejected the opinion of total temporary disability. (A.R. 14).

Although the ALJ could have elaborated on his reasons for not giving Dr. Karlsson's report controlling weight, not doing was harmless error. The opinion was that of only temporary disability, not disability expected to last twelve months or longer.

Moreover, more recent reports relied on by the ALJ supported the ALJ's conclusion. Psychological reports and unremarkable evidence from treating sources led the ALJ to the conclusion that plaintiff was not credible, and was malingering, conclusions which plaintiff does not challenge. The fact that plaintiff was traumatized and temporarily psychologically disabled a mere two months after the horrific incident does not mean that her condition remained the

same over the following years, nor that she was disabled despite some psychological sequalae.

Second, Plaintiff argues that the ALJ did not mention the 2012 letter from Josie Montgomery, MA, LMFT, plaintiff's therapist. However, as defendant notes, Ms. Montgomery's letter was considered by Dr. Pierce, the examining psychologist, who indicated that he found plaintiff's effort during his examination to be minimal, and her deportment "exaggerated." A.R. 525-531.

Dr. Jordan, a psychiatrist also questioned plaintiffs' truthfulness as to the degree of her symptomology, and that she was highly manipulative. A.R. 335-340.

The ALJ properly resolved conflicts in the record, and reasonably gave greater weight to the more recent opinions of the psychiatrists, relying on those reports more than the very early report of Dr. Karlsson (which only opined as to temporary disability) and Ms. Montgomery. Moreover, the plaintiff was found to be malingering and not credible, a conclusion which she does not challenge.

### III.  CONCLUSION

For the foregoing reasons, the Decision of the Commissioner is affirmed, and the Complaint is dismissed.

DATED: December 3, 2014

/s/ Stephen J. Hillman

STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE